IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM C. SPICER, # 98057623   *
Plaintiff,   *
  *
v   *    Civil Action No. PWG-14-27
  *
WICOMICO COUNTY CIRCUIT COURT,   *
WORCESTER COUNTY JAIL,   *
WICOMICO COUNTY DETENTION   *
 CENTER,   *
Defendants.   *
  ***

## MEMORANDUM

Self-represented Plaintiff William C. Spicer alleges in this unsigned and undated prisoner Complaint that a misdemeanor offense charge against him in the Wicomico County Circuit Court was erroneously recorded as a felony in Case No. 22K13000185.[1] As a result, he claims he has been denied employment. Spicer states he has not been provided a hearing on the "false charges." As relief, he is requesting total damages of $500,000.

The Complaint is deficient because it lacks Spicer's signature. *See* Fed. R. Civ. P. Rule 11 (a) (self-represented party must be signed); Local Rule 102(ii). Initial review of the Complaint shows that even if it were not deficient, it fails to state a claim upon which relief can be granted and permitting Spicer to cure the deficiency would be futile. Accordingly, the Complaint will be dismissed and Spicer's accompanying Motion to Proceed in Forma Pauperis (ECF No. 2) will be dismissed as moot.

Mindful that Spicer is a self-represented litigant, the court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the court may ignore a clear failure to allege facts stating a federal claim, nor may the court assume the existence of a genuine issue of material facts where there is none. *See Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990). Further, the court is

---

[1] The Maryland Judiciary case search website shows that on June 11, 2013, Spicer entered a guilty plea with an agreed statement of facts to wearing/carrying and transporting a handgun in a vehicle and was sentenced to three years of incarceration with two years suspended. He is eligible for work release at the discretion of the warden. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=22K13000185&loc=48& detail oc=K.

obliged to dismiss an action filed in forma pauperis that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Whether a complaint states a claim is analyzed under Rule 12(b) (6), which tests the sufficiency of the complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a). When considering dismissal for failure to state a claim, a plaintiff's well-pled allegations are assumed true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (stating a plaintiff may proceed only when the complaint is justified by both law and fact).

To bring a claim under 42 U.S.C. § 1983, a plaintiff must: 1) allege a violation of a constitutional right or federal law; and 2) show that " 'the alleged deprivation was committed by a person acting under color of state law.' " *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Complaint in this case does not allege a violation of a constitutional right or federal law.

Additionally, none of the Defendants is a "person" amenable to suit under §1983. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless it consents. *See Penhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md.Code Ann., State Gov't § 12–201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. The Circuit Court for Wicomico County, a state entity, is not amenable to suit under § 1983. Further, Worcester County Jail and the Wicomico County Detention Center are inanimate buildings, facilities, and grounds, not "persons," and do not act under color of state law. *See e.g. Brooks v. Pembroke City*

*Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Preval v. Reno*, 203 F.3d 821 (4th Cir.2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under § 42 U.S.C. 1983"). Thus, even were the Complaint properly signed and filed, the claims raised would be dismissible for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). A separate Order shall be entered consonant with this Memorandum.[2]

02/18/14
Date

Paul W. Grimm
United States District Judge

---

[2] Spicer may wish to pursue his claims in the state courts as appropriate. This court expresses no opinion regarding the merit of his claims.